IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN SARVER, | : CIVIL NO. 3:CV-13-2001 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| WARDEN DONNA ZICKEFOOSE, | : |
| Respondent | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Shawn Sarver ("Sarver" or petitioner), requesting that this court vacate his federal sentence. (Doc. 1.) He specifically argues that the "imposed 96 months, and excluded 3 years of supervised release violated his enherent [sic] constitutional right which caused the U.S. District Court' [sic] sentencing error." (Doc. 1, at 8.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1] (requiring a judge to promptly examine a newly filed petition for writ of habeas corpus and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"), and, for the reasons that follow, the petition will be dismissed for lack of jurisdiction.

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

I.   **Background**

Sarver was indicted on March 8, 2007, in the Western District of Arkansas, and charged with bank robbery in violation of 18 U.S.C. § 2113(a). U.S. V. Sarver, No. 6:07-CR-60006, 2012 WL 1640613, at *1 (W.D. Ark March 20, 2012). On April 3, 2007, he pled guilty to bank robbery as charged in the Indictment. Id. On August 7, 2007, he was sentenced to 96 months imprisonment, three (3) years supervised release, $1,444.00 in restitution, and a $100.00 special assessment. Id. "Violation of 18 U.S.C. § 2113(a) carries a maximum possible sentence of twenty (20) years imprisonment and a term of supervised release not to exceed three (3) years. Sarver appealed his sentence (ECF No. 36) asserting the District Court improperly applied a 2–level increase, for making a threat of death during the commission of the robbery, to the sentencing guideline calculation. ECF No. 41–1 (Opinion of the Eighth Circuit Court of Appeals). The conviction was affirmed on June 6, 2008. ECF No. 41. Sarver did not seek review by the United States Supreme Court." Id.

Sarver filed several post conviction motions. For instance, on April 4, 2011, he filed a motion for clarification of supervised release asserting that the "sentence was illegal in that he was sentenced to the 'maximum sentence provided by statute and sentencing guidelines, ninety-six (96) months, and indicated that there should be a term of three years supervised release.' " (Id. at *2.) On June 20, 2011, he filed a motion to vacate sentence. (Id.) Therein, he alleged that the United States Sentencing Guidelines ("USSG") had been declared unconstitutional by the United States Supreme Court and any sentence, including his, imposed though the use of those guidelines is null and void. (Id.) On January 24, 2012, he

2

filed a motion to vacate, set aside or correct sentence, which was construed as a 28 U.S.C. § 2255 motion, arguing that the "three (3) years supervised release imposed as part of his original sentence should be subtracted from the 96 month sentence of imprisonment, leaving him with a 60 month sentence of imprisonment. (Id. at *1-2.) On May 12, 2012, the district court issued an order denying and dismissing with prejudice the April 4, 2011 motion for clarification, the June 20, 2012 motion to vacate, and the January 24, 2012 motion, which was deemed a 28 U.S.C. § 2255 motion. United States v. Sarver, Crim. No. 07-60006, 2012 WL 1632853, at *1 (W.D. Ark May 9, 2012).

On July 25, 2013, Sarver filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. §

2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Petitioner has filed a motion pursuant to § 2255 motion which was denied and he fails to demonstrate that the § 2255 remedy is inadequate or ineffective to test the legality of his conviction and sentence.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

s/James M. Munley<br>
JUDGE JAMES M. MUNLEY<br>
United States District Court

Dated: August 21, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN SARVER, | : | CIVIL NO. 3:CV-13-2001 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN DONNA ZICKEFOOSE, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 21st day of August 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction and the Clerk of Court is directed to NOTIFY the petitioner.

2. The Clerk of Court is further directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**